# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| JUAN BARRAGAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ESTATE OF ROBERT HOCH, *et al*,<br><br>　　　　　　Defendants. | 2:21-cv-02065-JAD-VCF<br><br>**ORDER**<br><br>Plaintiff's Motion for Leave to Amend Complaint [ECF No. 29] |

　　　　Defendants filed a motion to compel. Pro se plaintiff Juan Barragan did not file a response to the motion. I grant the motion to compel.

**I.　　Background**

　　　　Pro se plaintiff Juan Barragan is incarcerated. The defendants filed a motion to compel. ECF No. 29. They argue that plaintiff has not responded to their second set of interrogatories. *Id.* The defendants also filed a notice of acknowledgement of service of the motion to compel, which shows that plaintiff received the motion to compel via certified mail at the Pleasant Valley State Prison. ECF No. 30. Plaintiff did not file a response to the motion to compel.

**II.　　Discussion**

　　　　Rule 26 permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The party seeking to

1

avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)). Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

Plaintiff Barragan signed the certified mail receipt. ECF No. 30 at 3. The Pleasant Valley State Prison address and Barragan's signature also matches the parties' recently filed stipulation. ECF No. 31. I find that plaintiff received a copy of the motion to compel. The plaintiff has not filed an opposition to the motion to compel and the time to do so has passed. The plaintiff has thus consented to the granting of the instant motion. Plaintiff has thirty-days to respond in full to the interrogatories outlined in defendants' motion to compel.

Accordingly,

I ORDER that the defendants' motion to compel (ECF No. 29) is GRANTED.

I FURTHER ORDER that plaintiff has until Monday, September 19, 2022 to comply with this order.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

1  *Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written
2  notification with the court of any change of address. The notification must include proof of service upon
3  each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.
4  **Failure to comply with this rule may result in dismissal of the action.**
5      IT IS SO ORDERED.
6      DATED this 19th day of August 2022.

                                               CAM FERENBACH
                                               UNITED STATES MAGISTRATE JUDGE